**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4622**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN CABRAL, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, Senior District Judge. (7:08-cr-00052-BR-1)

Submitted: February 5, 2013       Decided: February 27, 2013

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Cabral, Jr., appeals the twenty-four month statutory maximum sentence imposed by the district court upon revocation of his term of supervised release. On appeal, Cabral contends that the district court's sentence was procedurally unreasonable.[*] Finding no error, we affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, we assume "a deferential appellate posture concerning issues of fact and the exercise of [that] discretion," United States v. Crudup, 461 F.3d 433, 439 (4th Cir. 2006) (internal quotation marks omitted), and will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. 461 F.3d at 437 (internal quotation marks omitted).

We must "first decide whether the sentence is unreasonable." Id. at 438. In doing so, "we follow generally the procedural and substantive considerations" employed in reviewing original sentences. Id. A sentence is procedurally reasonable if the district court has considered the advisory

---

[*] Cabral does not challenge the substantive reasonableness of the sentence

policy statements contained in Chapter 7 of the U.S. Sentencing Guidelines Manual (USSG) and the applicable § 3553(a) factors, id. at 439, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. If we determine that the sentence is not unreasonable, we will affirm. Crudup, 461 F.3d at 439.

Applying our deferential standard of review, we conclude that Cabral's sentence was not unreasonable, much less plainly so. A revocation sentence is designed not to punish the defendant for the crime underlying the supervised release revocation but to punish the defendant's failure to abide by the terms of his supervised release. Crudup, 461 F.3d at 438; USSG ch. 7, pt. A, introductory cmt. 3(b) (2012). Moreover, the district court has "broad discretion to . . . impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks omitted). We conclude that the district court did not abuse its broad discretion in imposing the statutory maximum of twenty-four months' imprisonment upon revocation of Cabral's term of supervised release.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED